Appellant, Mr. Tsuchida. Thank you very much, Your Honor. And may it please the Court, Brian Tsuchida for Mr. Dictado. If I may reserve two minutes. You better start that clock there. Yeah. Your Honor, there are two broad issues. First, whether Mr. Dictado's petition is time-barred. And second, if not, whether the Court should grant a COA in relief on the uncertified IAC claim. The first issue, Your Honor, follows the Court's request for supplemental briefing regarding the effect of Pace v. DiGalino. And I think, as the Court can see from that decision, that it forecloses statutory tolling, 2244 D2, which was the original ground to allow merits consideration in this case. Pace, of course, did not address the issue of equitable tolling. And really, that really has not been explored. Right. And the district court didn't address that because, as I understand it, the district court thought the statute was tolled. Well, that's correct. It's a rather odd set of circumstances. The whole issue of the statute of limitations came up after opening briefs were submitted originally in 2004. This year, the Court ordered supplemental briefing regarding the effect of Pace, which was decided last year. Magistrate Judge Benton and the district court addressed the current petition on the merits. And, of course, the district court granted a partial COA regarding the amendment issue. Just to cut to the chase, would it be correct, in light of Pace, for us to vacate the decision that was rendered below and then to remand to the district court to consider equitable tolling? I think that would be correct, Your Honor. I think that would be correct. I also think that in addition to that, the court has to decide what its – in addition to the statute of limitations issue, whether there is an issue for the district court to consider. All right. If we thought there was no issue for the district court to consider, then we shouldn't remand. That's correct, because a remand would simply mean there would be nothing to review. The court would find out whether or not Mr. Dictato was entitled to equitable tolling, but then in terms of any issues on which he could be granted relief, there would be none. Then maybe you ought to address your argument to whether there is an issue that requires the remand for equitable tolling. As the Court knows, there are essentially two issues, a certified issue and an uncertified  issue. I'm not going to really dwell on the certified issue, because that is essentially addressed by Mayo v. Felix, and I don't think there's much to say beyond that. However, on the uncertified issue, we would ask the Court to grant a COA and remand that issue to the district court with direction for an evidentiary hearing. That is an ineffective assistance of counsel claim. Just in terms of a nutshell of that claim, as the Court recalls, there were three defendants in two separate trials. Defendants Ramil and Gloy were convicted for the actual shooting of two victims, Viernes and Domingo.  Both Viernes – excuse me, Ramil and Gloy gave affidavits indicating they're willing to testify on behalf of Mr. Dictato and that their testimony would be Mr. Dictato didn't have anything to do with the shooting. The claim, of course, had to do with whether Mr. Dictato's trial lawyer was ineffective for failing to both investigate and call these witnesses. And the Court should order a COA on this. Assuming we do that and we reach the merits, then how is the State court decision wrong? Several different levels. I think, first, the State court left to some conclusions which are simply not supported by the record. And to that extent, the State court's findings of fact were unreasonable. And I think if there was something in the record to support the State court's assessment that these witnesses would not have essentially been not credible, I think the words they used were things like, well, the witnesses might have been more equivocal than Mr. Dictato postulates. Well, there's nothing in the record to support that really speculative statement. All we had in terms of what was before the State court were Mr. Dictato's affidavit and the affidavits of Rameel and Goloi, and they were not ambiguous. They were quite unequivocal. Don't we presume that the trial lawyer's decision was tactical? Well, there is a body of law that says that there should be that presumption. But normally that needs to also be supported by some facts. Now, there are also in some ways facts and law that cut exactly against that. There's actually not. But here, weren't these accomplices appealing their convictions? They were appealing their convictions. So the real question about availability to begin with, would they have testified in the case of Rameel? Well, that was never developed, because in the State proceedings, there really was no discovery, there was no evidentiary hearing. In a vacuum, the State court sort of made these assumptions about their availability. There's nothing to say they were not available. And the only thing in the record were the affidavits of these two witnesses who said they were not. Long after the fact. That's true. But, of course, Mr. Dictato. You have to go back and you have to look at what was going on at the time of trial, not at the time they write the affidavits. Well, at the time of trial, Mr. Dictato's affidavit indicated that he had told his lawyer that he wanted the lawyer to investigate these witnesses and to call them. And that was never done. And that is all that's in the record. There's nothing that indicates the lawyer made a tactical decision. And I think this is also where it's clearly contrary. You could not say that there was a tactical decision where there's nothing to show that there was a reasonable investigation. Both Strickland and Wiggins both hold. It would be clearly contrary to established Supreme Court law that no tactical decision could ever be made without some type of reasonable investigation. And on this record, none was made. I think the ---- Is it a question of lack of a showing or is there an affirmative showing that the lawyer did not investigate? Well, the only thing in the record regarding that is Mr. Dictato's declaration or affidavit, which he says, I asked him to do it and he didn't do it. Mr. Romeo and Mr. Gallois' declaration says we were never called. It indicates there was no real contact between them and Mr. Dictato's trial lawyer. As I said, one of the problems, of course, is making these sort of firm decisions in an absence of any kind of evidentiary hearing process. Now, it's we had, in fact, argued in the district court that this is exactly the kind of claim that narrowed it in evidentiary hearing. Clearly ---- Excuse me one minute, Mr. Dennis. We have feedback of an echo. Okay. Thank you. Go ahead. I'm sorry. Clearly, Mr. Dictato had made or presented a colorable claim of ineffective assistance. He was denied or never had an evidentiary hearing, and this is exactly the type of claim that should have gone to an evidentiary hearing to develop the facts. There's no indication that he failed to develop or he was not diligent, so there are no 2254E2 prohibitions for the evidentiary hearing in the district court. Mind you, there are also problems in terms of how or what legal standard the State court utilized, even, for instance, on the prejudice prong of the district court. Did you want to reserve any time for rebuttal? I did, Your Honor, and I think my time is up, so I will finish. I'm sorry, but we're going to have to keep everyone right on schedule today in light of some of the schedules we've got. So go ahead, please, Mr. Sampson. May it please the Court. John Sampson, Assistant Attorney General, representing the Respondent. In this case, the petition is untimely under the Federal statute of limitations. This Court, in its original opinion on the first appeal, found that the opinion was untimely. Then, in light of the R2's case, reconsidered that opinion and found that because of the 1997 State collateral challenge, there was statutory tolling. The Supreme Court now has reversed this Court's decision on that particular issue, and under Pace, there was no statutory tolling. The petitioner has no basis for equitable tolling. There has been no showing whatsoever of any basis for equitable tolling, and I would point out that on the first appeal. But in a situation where the petitioner has no basis for thinking that he's entitled to equitable tolling because he doesn't need it, wouldn't the lack of a record be very understandable? No, Your Honor, for two reasons. The first is that on the first direct appeal, this Court, in the opinion that was withdrawn, found that Mr. Dictato had waived his arguments for equitable tolling because he never raised them in the opening brief on the first appeal when the issue was the timeliness of the petition. Second, even in a supplemental brief now, he has not presented any facts showing equitable tolling. He's simply said remand for the district court to consider it. He's provided no offer of proof that he has a basis for equitable tolling. Well, if the district court didn't address it here, why does he have to say something other than remand? Because there's no showing of error entitling him to a remand unless he presents some evidence to show the district court. In terms of error, the district court didn't have to address equitable tolling because of the statutory theory. Normally, we wouldn't be addressing an issue that the district court hadn't addressed without letting the district court look at it first. What's different from your point of view here, from the normal course where we take an issue like equitable tolling, the district court didn't address it, and we send it back, and district court looks at it first? Although in the very beginning, back in prior to this court's initial opinion on appeal, the district court did address the issue of the petition. This court held on that first direct appeal that the petitioner waived the issue of equitable tolling, and now at this very late date, he says, I'm entitled to it without any showing for it. I think that is a reason why. Is that the law of the case? It's not under that document. The intervening decision by the U.S. Supreme Court in Pace circumvent or is an exception to the law of the case, and that's why law of the case does not bar consideration of the timeliness of the petition. It puts us essentially back where we were in the first appeal, where the district court said this petition is untimely and the petitioner is trying to overcome that finding. There's been no showing of equitable tolling, and even on a remand, there's been no showing. He was the one claim they pursue now is the ineffective assistance of counsel claim. That claim was exhausted in state court in the early 1990s at the time of the first personal restraint petition. He could have filed a petition at that time raising the claim in federal court. He chose not to do so. He chose to wait and file two untimely petitions in state court, file a third untimely or actually his fourth untimely petition in state court, and then come to federal court after the statute of limitations had expired. Because the petition is untimely, the court cannot reach the claim of ineffective assistance of counsel. I can address that claim if the court has any questions regarding that. Substantive claim of ineffective assistance of counsel, but we would argue that the petition itself is untimely and, therefore, no relief is available. No questions here. We would ask the court then to affirm the denial of habeas relief on the basis that the petition is untimely. Thank you. Thank you, sir. Unless the Court has questions, I have no further argument. What's your response to the argument that there's already essentially been a finding of waiver in the first go-around? I think, though, that finding of waiver is limited in terms of whether or not it could be argued on appeal. I believe the exact words were, in the first opinion, was that for purposes of that appeal, the Petitioner had waived it by raising it in the reply brief rather than in the opening brief. So I don't think it could be construed that that whole issue was waived. So what resurrects it? Well, as the AG has just said, the only reason we're talking about statute of limitations right now is we're starting back to ground zero, as if we – as if this was in the first instance. And so I think also in terms of the equities of what's happened, this is such an odd case because of the timing of when the issue has come up. In many respects, Mr. Dictato's case has been fractured, pre-R2s, post-R2s. Here we are on an appeal of the merits. The statute of limitations comes up after the merits determination. So I think that given the sort of peculiar and unique circumstances in this case that – and the Court now asking to address a statute of limitations question, that it would be fair and appropriate to allow. Is there a hint in the record of a factual basis for equitable polling in this case? I think that it never really got developed, and I think that's why it should be remanded back to the district court. In Bonner v. Carey, the argument was that the discussion between the Petitioner and the district court got confused enough that equitable polling was never really explained. But here, according to the State, it's pretty clear that equitable polling simply isn't there. The time had run. And no claim that somebody had misled him into letting the time run. The clock isn't running. And I guess my problem is that it's very difficult to respond to an argument about raising a new argument outside of the record for the first time on equitable tolling. All right. Thank you. Okay.
judges: T. Nelson, Gould, Bea